UNITED STATES DISTRICT COURT         SOUTHERN DISTRICT OF TEXAS

Rose Marchese, §
§
     Plaintiff, §
versus §   CIVIL ACTION H-07-997
§
§
Michael J. Astrue, Commissioner §
of the Social Security Administration, §
§
     Defendant. §

## Opinion on Summary Judgment

1. *Introduction.*

Rose Marchese worked while receiving disability benefits. The commissioner denied to waive the overpayment. The issue is whether her widow's benefits she would have gotten should be offset from the disability benefits she owes. It should not.

2. *Standard of Review.*

Review is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standard was applied to the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The secretary must have used a fair process. This court's duty is not to change decisions with which the court might disagree, but it must reverse those where governmental regularity has lapsed into an exercise of mere will. Conflicts in the evidence are for the secretary – not the courts – to resolve. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

A decision unsupported by substantial evidence must fail. Substantial evidence is the level of proof that a reasonable mind is likely to accept as adequate to support a conclusion. The court is obliged to review *de novo* questions of law and to set aside an administrative decision if the proper legal standards were not followed even if the decision is otherwise supported by substantial evidence. *See Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981).

3.  *Background.*

Rose Marchese began drawing widow's benefits based on the earnings of her late husband on September 1, 1996. In December 1996, Marchese applied for disability benefits, and she was approved. Her widow's benefits were suspended beginning in December 1996 because the disability benefit was larger than the widow's benefit. In September of 2000, Marchese was notified that she had been overpaid $22,855.30 in disability benefits; no waiver was allowed because she had worked and failed to report it.

4.  *Waiver of Overpayment.*

The law requires the commissioner to get back an overpayment when a recipient receives more than the correct amount of her benefit payment. 42 U.S.C. § 404(a)(1). The law does allow her to waive the overpayment if the person who received the overpayment is without fault. 42 U.S.C. § 404(b). A person is not allowed to receive the benefit of the waiver of overpayment when she knew what she did was wrong. The only time an adjustment or waiver of recovery of overpayment is allowed is when there is an injustice. 20 C.F.R. § 404.508, 404.509.

Marchese did not report to the commissioner her earnings from 1996 to 1999. As a result, she was overpaid $22,855.30 in disability benefits. Marchese does not dispute that she is not entitled to a waiver. Marchese conceded that she was overpaid during the months that she worked. Substantial evidence supports the decision that Marchese was at fault for overpayment. She is not entitled to waiver of the overpayment of disability benefits.

5.  *Calculation of Overpayment.*

Marchese does dispute the amount owed. Marchese argues the calculation should be based on the difference between the benefits for which she was entitled, the widow's benefits and those for which she was not. Marchese says she would only owe $53.30 per month instead of $875.80 per month. Marchese would like the administration to act as if she had never been allowed disability benefits, leaving her entitled to her widow's benefits. The court cannot ignore that she got disability benefits, worked without reprinting it to the commissioner, and she collected her disability benefits while she worked in November of 2000. Marchese cannot interchangeably be eligible for widow's benefits on her late husband's account while being eligible for disability benefits on her own account. The commissioner properly calculated

overpayment for the years 1996 to 1999 when Marchese worked and failed to end her disability benefits. The commissioner cannot end her benefits when she chooses to start working, she must report it. It was Marchese's responsibility to report to the commissioner and cancel her disability benefits, making her eligible once again for her widow's benefits. Only when Marchese canceled her disability benefits in November 2000 was she re-entitled to widow's benefits. The commissioner calculated Marchese eligible widow's benefits after Marchese ended her disability benefits to adjust for the overpayment of her disability. Substantial evidence exists to support the commissioner's calculation of overpayment.

6. *Conclusion.*

The decision of the commissioner denying Rose M. Marchese's waiver of overpayment for disability insurance benefits is affirmed.

Signed on October 16, 2007, at Houston, Texas.

Lynn N. Hughes
United States District Judge